## BOARD OF COMMISSIONERS OF PILOTS *v.* FROST.

By the first section of the act for the regulation of the port of New York (2 Laws of 1857, p. 487, ch. 671, § 1, as amended by 1 Laws of 1872, p. 993, ch. 409), two distinct offenses are prohibited, and separate penalties imposed for each; 1. Throwing ashes or cinders into the waters of the port; and 2. Putting ashes &c. into the water through a pipe or opening.

The penalty for a violation of the second provision is incurred only after service of the notice required by the act, but in order to recover the penalty under the first provision, no notice is required.

For the commission of the offense prohibited by the first provision, the master as well as the owners of the steamboat is liable; but for a violation of the second provision, a personal liability is fastened on the owners only.

Throwing ashes or cinders into the water through an opening cut in the deck, is an offense within the first provision of the statute, for which the master is liable.

APPEAL by plaintiffs from a judgment of the 7th District Court.   Action against the defendant, master of the steamboat Daniel Drew, to recover $50 as a penalty for throwing ashes and cinders into the waters of the port of New York.

The facts proved on the trial were, that on August 15th, 1872, cinders and ashes were thrown from the steamboat Daniel Drew, of which the defendant was master, into the water of the port of New York. They were thrown into the water through a hole cut in the deck in front of the boilers.

The justice held that this was an offense prohibited by the second clause of the act (Laws of 1857, ch. 671, § 1, as amended by laws of 1872, ch. 409), and as no service of the notice provided for in the act was proved, dismissed the complaint.

*George W. Blunt,* for appellants.

*Abraham Van Santvoord,* for respondent.

BY THE COURT.*—ROBINSON, J.—Section one of the act entitled "An act to establish regulations for the port of New York," passed April 16th, 1857, as amended by chap. 409 of the Laws of 1872, purports to prohibit distinct offenses and

---

impose separate penalties for each. The first clause makes it unlawful to throw or cause to be thrown into the waters of the port of New York below Spuyten Duyvil creek on the Hudson river, or below Throg's Point on the East river, or in the bay inside of Sandy Hook, any cinders or ashes from any steamboat, and imposes a penalty of $50 for each and every such offense, for which the *master and owner* of such steamboat is made liable. The second provision enacts that, " any steamboat using or having any pipe or opening, so constructed as to admit of putting ashes or cinders through the same into the water is made liable to a fine of $50 for each and every time such pipe or opening shall be used for such purpose within the limits aforesaid, after service on the master or owner of such steamboat of a notice by said commissioners of pilots not to use the same, to be recoverable by the commissioners in an action against the owners of such steamboat," and such " steamboat (it is declared) shall also be liable therefor." These provisions are independent of each other, and each refers to a particular grievance, which it prohibits, and furnishes a separate and distinct mode of conviction and redress. The proof established the commission of the offense prohibited by the first clause or subdivision of this section, and the liability of defendant as master of the vessel for the penalty imposed. As to the offense referred to in the latter clause, the master is not made responsible. The " fine " which it inflicts is only recoverable " against the owners of such steamboat." " and such steamboat is made liable therefor." How this liability to the " fine " is to be enforced against the owners, "*or in rem*" against the vessel, it is unnecessary to determine. No such notice as the second clause prescribed was made or attempted to be made as a prerequisite to the offense or liability to the penalty mentioned in the first clause. The evidence, however, showed the commission of the offense first inhibited and the defendant's liability as master for the penalty imposed therefor. The dismissal of the complaint by the justice for lack of proof of service of the notice required by the second clause was erroneous, and the judgment should be reversed.

Judgment reversed.