THE BOARD OF COMMISSIONERS OF PILOTS *against* PHILIP DICK, MASTER OF THE PROPELLER RELIEF.

Under the act establishing regulations for the port of New York (L. 1857, c. 671), a District Court in the city of New York cannot acquire jurisdiction to render judgment against the master of a vessel for a penalty imposed by the act merely by attachment of the vessel, and without personal service of process on the master.

APPEAL from the First District Court.

The facts are as follows: On the 19th day of August, 1873, the defendant was master of the propeller Relief, and permitted to be thrown into the waters of the North river, on said day, a large quantity of ashes, and this action was brought to recover a penalty of fifty dollars imposed by an "act to establish regulations for the port of New York," passed

April 16th, 1857.   Upon an affidavit of the above facts, the justice of the District Court in the city of New York for the First Judicial District issued an attachment in this action against the propeller Relief.

This attachment was served by attaching the said propeller. No summons was ever served or issued.   Upon the return of this attachment, the counsel made the objection that the court had not acquired jurisdiction.

1st. Because it was an action for a maritime tort, of which the United States District Court has exclusive jurisdiction.

2d. Because no sufficient process had been issued.

The justice thereupon rendered judgment for the defendant, and from that judgment this appeal was taken.

*George W. Blunt*, for appellants.

*Beebe, Wilcox & Hobbs*, for respondent.

VAN BRUNT, J.—The statute under which this claim is made is as follows :   " It shall not be lawful to throw, or cause to be thrown into the waters of the port of New York, &c., &c., any cinders or ashes from any steamboat under the penalty of fifty dollars for each and every offense, to be recoverable by the commissioners hereinafter named ; and for such penalty, the steamboat from which such cinders or ashes were thrown, its master and owner shall be liable."

The eighteenth section provides that " all the fines and penalties incurred under this act shall be recoverable by and in the name of the said commissioners. In all cases where the fines and penalties prescribed by this act are made liens upon property, they shall be enforced by attachments issued by the court where the proceedings for the recovery of such fines and penalties shall be pending, to the officers to whom executions of such courts are issued, and shall be enforced and discharged in like manner as attachments against property of non-resident debtors."

This court has decided that an action may be maintained against the master of a steamboat for the penalty mentioned in

the above act (*Board of Commissioners of Pilots* v. *Frost*, 4 Daly, 353); but how an action *in rem* can be maintained has not been pointed out. It is true that the act says that where the penalty is made a lien upon property, it may be enforced by attachment, &c., which attachment shall be enforced and discharged in like manner as attachments against property of non-resident debtors; but it is to be observed that these proceedings are to be governed by the practice of the court from which it issues in respect to attachments against the property of non-resident debtors.

It is not pretended that the requirements of the District Court act in respect to attachments have been complied with in this case, and without such a compliance I am wholly unable to see how jurisdiction can be acquired. There is another fatal objection to this action. This is an action against Philip Dick, master of the propeller Relief, to recover this penalty, and an attachment is issued, not against his property, but against the propeller Relief. Where the court gets the authority to issue such an attachment I have not been able to discover.

If the penalty could be enforced *in rem* in a State tribunal, it must be as an action against the vessel, as it is clear that no attachment can issue in an action against an individual except against the property of the defendant. In disposing of this case it is entirely unnecessary to determine the question as to the exclusive jurisdiction of the United States courts, and that question is not passed upon.

The judgment must be affirmed.

Robinson and Larremore, JJ., concurred.

Judgment affirmed.